OPINION OF THE COURT
Gerald Lebovits, J.
*661 Respondents move to dismiss these two proceedings— consolidated for decision — on two grounds. First, they argue that the notices of violation petitioner, Department of Housing Preservation and Development of the City of New York (DHPD), placed against the subject premises do not contain the statutory provisions respondent allegedly violated as required by New York City Housing Maintenance Code (HMC) (Administrative Code of City of NY) § 27-2115 (b) and, instead, refer only to HMC § 27-2005. Second, respondents argue that violations that were the subject of earlier consent orders should be dismissed or severed.
Petitioner argues that it satisfied the elements of HMC § 27-2115 (b). According to petitioner, the notices of violation describe each violation with specificity and, in addition, cite the relevant sections of the HMC by cross-referencing them to the Division of Code Enforcement’s Order Book, formally called Violation Order Numbers of the City of New York. Petitioner also maintains that this proceeding is valid because the violations that are the subject of this proceeding were issued after the agreed-upon dates in the consent orders.
Petitioner’s notices of violation contain the proper statutory elements under HMC § 27-2115 (b). Respondents’ motion on this issue is therefore denied. Respondents’ motion on the second issue is granted in part and denied in part. For index No. 25/05, all violations issued before December 3, 2003 are severed from this proceeding because they are covered by the consent order of December 5, 2004. For index No. 26/05, all violations issued before March 17, 2004 are severed from this proceeding because they are covered by the consent order of April 27, 2004. The court does not have jurisdiction to adjudicate these already-covered violations.
Under HMC § 27-2115 (b), a notice of violation “shall identify the condition constituting the violation, the provision of law applicable thereto, the department’s order number, the classification of the violation according to its degree of hazard, the time for certifying the correction of such violation, and the amount of the possible penalty.”
Respondents maintain that HMC § 27-2115 (b) requires that DHPD inform them of the code sections they allegedly violated. Respondents note that where the DHPD inspectors cited HMC § 27-2005 in the notices of violation, the inspector did not otherwise identify the section number of the code that respondents allegedly violated. HMC § 27-2005 applies in three in *662 stances: landlord responsibility, tenant violations, and one- or two-family dwellings. Respondents state that because HMC § 27-2005 has several applications, they have no clear knowledge of the violation and therefore that the notices of violation that specify only HMC § 27-2005 fail to meet the requirements of HMC § 27-2115 (b).
Petitioner argues that because each notice of violation cites an order number that corresponds to the Division of Code Enforcement’s Order Book, respondents are notified of the section of the applicable law. DHPD’s Division of Code Enforcement publishes the Order Book pursuant to HMC § 27-2115 (d). Under HMC § 27-2115 (d), DHPD was required before September 1, 1972 to propose classifications for all violations of the Multiple Dwelling Law, HMC, and other applicable state and local laws as nonhazardous, hazardous, or immediately hazardous. HMC § 27-2115 (d) required DHPD to publish their violation hazardousness classifications in the City Record of September 1, 1972. DHPD was then required to hold public hearings on its proposed classifications in October 1972. HMC § 27-2115 (d) required DHPD to modify the classifications according to the testimony received during the public hearings. HMC § 27-2115 (d) finally required the Advisory Council to the New York City Civil Court’s Housing Part to approve DHPD’s modified hazardousness classifications within 10 days after receiving the proposed classifications.
DHPD published its proposed violation hazardousness classifications in the City Record on September 1, 1972. DHPD then held public hearings on its proposed violation hazardousness classifications. The testimony received at the public hearings led to DHPD modifying the proposed classifications. The Advisory Council then approved DHPD’s modified proposed classifications. DHPD’s Division of Code Enforcement published the final classifications in the Order Book, which was revised in July 1994 under the title Violation Order Numbers of the City of New York. The current 13-page Order Book lists the order numbers, the violation’s hazardousness classification, a description of the violation, and the corresponding HMC sections. Petitioner contends that although respondents must cross-reference the notice of violation against the Order Book to identify the provision allegedly violated, the notices of violations comply with HMC § 27-2115 (b).
The court finds that where notices of violations cite HMC § 27-2005, DHPD has sufficiently met the statutory require *663 ment of HMC § 27-2115 (b). Although HMC § 27-2115 (b) requires DHPD to provide respondents with both the code section violated and the order number in the notices of violation, the requirement is satisfied by DHPD’s including the order number. By looking at the order number contained in the notice of violation and cross-referencing it to the Order Book, one finds the applicable HMC section cross-referenced. For example, in the notice of violation DHPD issued to respondents on May 21, 2004, item number 4471966 references order number 521. The Order Book lists order number 521 as a violation of HMC § 27-2005 (a) and (c) and § 27-2007. HMC § 27-2005 (a) and (c) are general provisions that provide that owners of multiple dwellings or one- or two-family homes shall keep the premises in good repair. HMC § 27-2007 prohibits any person from engaging in the specific conduct listed in its five subdivisions.
The notice of violation here contains a description of the specific violation that will direct respondents to the correct subdivision of the HMC section that the order number cross-references. The description for item number 4471966 alleges that an unlawful gate obstructs the occupant’s fire escape. This description corresponds to HMC § 27-2007 (c), which prohibits anyone from obstructing access to a fire escape. For additional information, respondent can demand a bill of particulars to find out which subdivision of HMC § 27-2007 is the basis for the violation, although it is clear that at issue in this proceeding is subdivision (c).
Even when the owner must cross-reference to the Order Book, therefore, the owner is given sufficient information about the applicable HMC section in contention. Respondents were made aware of the violations by petitioner’s citing to the order numbers in the Order Book. Accordingly, respondents’ motion to dismiss for petitioner’s alleged failure to comply with HMC § 27-2115 (b) is denied.
Respondents further argue that consent orders were agreed upon and entered into by the parties covering the violations at issue in this proceeding. Respondents contend that any violation covered by the consent orders must be dismissed. Petitioner argues that a majority of the violations now in dispute arose after the consent orders and should not be dismissed.
According to the consent order for index No. 25/05, dated December 5, 2004, all violations posted as of December 3, 2003 are part of the earlier proceeding and cannot be included in this proceeding. (See respondents’ notice of motion, exhibit A, 111.) *664 This court has jurisdiction in the current proceeding over all violations issued after December 3, 2003; all others are severed from this proceeding. According to the consent order for index No. 26/05, dated April 27, 2004, all violations posted as of March 17, 2003 are deemed part of the earlier proceeding and cannot be included in this proceeding. (See respondents’ notice of motion, exhibit A, 111.) This court has jurisdiction in the current proceeding over all violations issued after March 17, 2004; all others are severed from this proceeding.
Both proceedings are adjourned to March 29, 2005.